**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN GAREY,<br><br>       Plaintiff,<br><br>v.<br><br>BEACON HILL STAFFING GROUP, LLC,<br><br>       Defendant. | Case No. 1:18-cv-10654-PGG-GWG |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to the May 3 Order for Conference Pursuant to Rule 16 [Dkt. 27], the parties jointly submit the attached Proposed Scheduling Order.

Respectfully submitted this 14th day of May, 2019.

| | |
|---|---|
| */s/ Jonathan Shalom* | */s/ William S. Myers* |
| Jonathan Shalom | William S. Myers (admitted *pro hac vice*) |
| Shalom Law, PLLC<br>124-04 Metropolitan Avenue<br>Kew Gardens, New York   11415<br>718-971-9474 (telephone)<br>718-865-0943 (facsimile)<br>Jshalom@jonathanshalomlaw.com | Eckert, Seamans, Cherin & Mellott, LLC<br>600 Grant Street, 44th Floor<br>Pittsburgh, Pennsylvania 15219<br>412-566-1938 (telephone)<br>412-566-6099 (facsimile)<br>wmyers@eckertseamans.com |
| Attorney for Plaintiff | Attorneys for Defendant |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN GAREY,<br><br>                            Plaintiff,<br><br>v.<br><br>BEACON HILL STAFFING GROUP, LLC,<br><br>                            Defendant. | Case No. 1:18-cv-10654-PGG-GWG |

**PROPOSED SCHEDULING ORDER**

1. The appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, and business phone number.

    **Counsel for Plaintiff**

        Jonathan Shalom
        Shalom Law, PLLC
        124-04 Metropolitan Avenue
        Kew Gardens, New York   11415
        718-971-9474 (telephone)
        718-865-0943 (facsimile)
        Jshalom@jonathanshalomlaw.com

    **Counsel for Defendant**

        William S. Myers
        Eckert, Seamans, Cherin & Mellott, LLC
        600 Grant Street, 44th Floor
        Pittsburgh, Pennsylvania 15219
        412-566-1938 (telephone)
        412-566-6099 (facsimile)
        wmyers@eckertseamans.com

2. A concise statement of the issues as they then appear.

    **Plaintiff filed this action pursuant to Title III of the federal Americans With Disabilities Act ("ADA"), the New York State Human Rights Law, New York City Human Rights Law, and the New York State Civil Rights Law alleging violation of those statutes in the design of Defendant's website as it affects blind and visually-impaired persons. Plaintiff seeks injunctive, declaratory, and monetary relief.**

3. A proposed schedule including.

   a. Dates for initial document requests and initial interrogatories:

      **Initial Disclosures:   May 31, 2019**
      **Initial document requests and interrogatories:   July 26, 2019**

   b. A deadline for joining parties or filing amended pleadings:

      **July 8, 2019**

   c. The names of non-expert witnesses expected at this time to be deposed (if known) and either specific dates or a timetable for when depositions will take place:

      **Plaintiff:   Not yet known**
      **Defendant:   Kevin Garey, Plaintiff's treating physician, others not yet known**
      **Approximate period for depositions:   August 26 – October 4, 2019**

   d. A date by which all non-expert discovery shall be completed:

      **October 4, 2019**

   e. In the event either side contemplates calling an expert witness:

      (i) Anticipated fields of expert testimony:

      **Website accessibility design for blind and visually impaired.  Plaintiff's condition as blind or visually impaired, limitations imposed by same, and Plaintiff's need for accommodation.**

      (ii) Dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made:

      **Plaintiff:   September 16, 2019**
      **Defendant:   October 15, 2019**

      (iii) The date by which depositions of experts shall be completed:

      **November 15, 2019**

   f. The date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted.   The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

      **December 20, 2019**

4. A statement of any limitations to be placed on discovery, including any protective or confidentiality orders.

   **None other than as provided in the Federal Rules of Civil Procedure, unless stipulated otherwise by the parties or with leave of Court.**

5. A brief description of any discovery issues, including issues regarding the production of electronically stored information, as to which the parties have been unable to reach an agreement.

   **Depositions of Plaintiff or persons employed or retained by Plaintiff or his counsel will be conducted at the offices of Plaintiff's counsel in New York.   Depositions of Defendant or persons employed or retained by Defendant or its counsel will be conducted at the offices of Defendant's counsel in Boston (Defendant's location).   Other depositions will be conducted at the office of the counsel who notices the deposition.   Counsel may alter these arrangements by stipulation for one or more depositions.**

6. Anticipated length of trial and whether, and by whom, a jury has been requested.

   **Two to three days.**

7. (a) an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions with the assistance of a mediator and whether the parties plan to engage a private mediator.

   **The parties do not intend to engage a private mediator at this time, and believe they can settle the case through negotiations between counsel.  However, if those efforts are unsuccessful, the parties will discuss mediation pursuant to Local Rule 83.9 and the Procedures of the Mediation Program for the Southern District of New York**

8. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied.   To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

   **SO ORDERED** this ___ day of May, 2019.

   BY THE COURT:

   _____
   Gabriel W. Gorenstein
   United States Magistrate Judge